IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.  08 C 1205 ) |
| THE WACKENHUT CORPORATION, | ) Judge James B. Moran ) |
| Defendant. | ) |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant THE WACKENHUT CORPORATION, ("Wackenhut"), by its attorney Laurie E. Leader of the Law Offices of Chicago-Kent College of Law, hereby submits this Answer with to Plaintiff's First Amended Complaint.

1. This matter arises under the laws of the United States and this Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. § 185.

**ANSWER**:   Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Local 1 is a labor organization representing employees in an industry affecting commerce within the meaning of Section 2(5), (6) and (7) of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 152(5), (6) and (7), and Section 301 of the LMRA, 29 U.S.C. § 185.  Its principal offices are located at 111 East Wacker Drive, Chicago, Illinois, within the geographic jurisdiction of this Court.

  **ANSWER**: Defendant admits the allegations contained in Paragraph 2 of the Complaint.

  3. Defendant Wackenhut is a corporation and an employer in an industry affecting commerce within the meaning of Section 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§ 152(2), (6) and (7) and Section 301 of the LMRA, 29 U.S.C. § 185. Wackenhut has offices throughout the United States, including 40 North Wells, Ste. 400, Chicago, IL 60606 and 4300 Winfield Road, Warrenville, IL 60555.

  **ANSWER**: Defendant admits the allegations contained in Paragraph 3 of the Complaint.

  4. At all relevant times, Defendant Wackenhut has engaged in business in Cook, Grundy and DuPage Counties, Illinois, within the jurisdiction of this Court.

  **ANSWER**: Defendant admits the allegations contained in Paragraph 4 of the Complaint.

  5. The events at issue in the arbitration between Local 1 and Defendant Wackenhut all occurred at the Dresden Nuclear Power Station located near Morris, Illinois in Grundy County, Illinois, within the jurisdiction of this Court.

  **ANSWER**: Defendant admits the allegations contained in Paragraph 5 of the Complaint.

  6. At all times relevant to this action Local 1 and Defendant Wackenhut were parties to a collective bargaining agreement (a true and correct copy is attached hereto as Exhibit A), in effect from January 28, 2006 through January 27, 2009.

  **ANSWER**: Defendant admits the allegations contained in Paragraph 6 of the

Complaint.

7. Article 6, Section 2 of the 2006-2009 collective bargaining agreement provides for a multi-step grievance procedure culminating in final and binding arbitration to resolve any difference or dispute which may arise under the Agreement.

**ANSWER**: Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. On January 24, 2007, Local 1 filed a grievance against Wackenhut under the parties' collective bargaining agreement pursuant to Article 6, Section 2 of the collective bargaining agreement (attached hereto as Exhibit B), protesting the suspension of Local 1 member Mike Shultz.

**ANSWER**: Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. On February 16, 2007, Local 1 amended its original grievance against Wackenhut pursuant to Article 6, Section 2 of the collective bargaining agreement (attached hereto as Exhibit C), protesting the subsequent termination of Mr. Shultz.

**ANSWER**: Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. The grievance was processed through the contractual grievance procedure and advanced to arbitration.

**ANSWER**: Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. An arbitration hearing was held in Chicago, Illinois before Arbitrator Ann Kenis ("Arbitrator") on September 10, 2007.

**ANSWER**:   Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. On November 8, 2007, the Arbitrator issued an opinion and award (attached hereto as Exhibit D) sustaining the grievance in its entirety and awarding Mr. Shultz reinstatement with back pay from the date of his discharge.

**ANSWER**:   Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. The Arbitrator's award and opinion draws its essence from the collective bargaining agreement.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Since November 8, 2007, Wackenhut has failed to comply with the Arbitrator's award and opinion by refusing to reinstate or pay back wages owed to Mr. Shultz. Wackenhut's refusal to abide by the Arbitrator's award violates § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant paid the grievant back wages following issuance of the Arbitrator's award, despite contrary pronouncements in the Complaint. Defendant, thus, complied with the award.

3. To the extent that the parties dispute the amount of backpay owed to the grievant, that is a matter to be resolved exclusively by arbitration under the applicable collective bargaining agreement.

4. Defendant cannot comply with the reinstatement remedy based on impossibility of performance. Exelon, the nuclear licensee, denied the grievant access to the Dresden Nuclear Plant rendering reinstatement impossible.

WHEREFORE, Defendant THE WACKENHUT CORPORATION requests that this Court dismiss the Complaint in its entirety and grant such other and further relief as this Court deems equitable and just.


THE WACKENHUT CORPORATION, Defendant

By:   /s/ Laurie E. Leader
      Attorney for Defendants


Laurie E. Leader
Chicago-Kent Law Offices
565 West Adams Street
Suite 600
Chicago, IL 60661
(312) 906-5048

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2008, I filed Defendant's Answer With Affirmative Defenses to Complaint electronically with the Clerk of the Court using the CM/ECF system and that the following persons were served with notification of such filing via facsimile and via email by the Court:

Leslie Jane Ward
Alexia M. Kulwiec
Steven M. Stewart
SEIU Local 1
111 East Wacker Drive, Suite 2500
Chicago, IL 60601


THE WACKENHUT CORPORATION, Defendant

By: /s/ Laurie E. Leader
    Attorney for Defendants